IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL T. BRANDENBURG, | * | |
| Plaintiff, | * | |
| v. | * | CV 106-152 |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, MCG HEALTH, INC., and JOHN AND JANE DOES, | * | |
| Defendants. | * | |

**O R D E R**

Plaintiff has filed a motion for reconsideration of this Court's Order striking his reply to Defendant's response to his motion to amend the Complaint. (Doc. no. 83.) Upon due consideration, Plaintiff's motion is **DENIED** for the reasons set forth below.

**A. Background**

On April 28, 2011, Plaintiff filed a motion to amend his Complaint and Defendants timely responded—the Board of Regents of the University of System of Georgia ("Board of Regents") filed its response on May 13, 2011, and MCG Health, Inc. ("MCGHI") responded on May 16, 2011. On May 31, 2011, Plaintiff filed a motion for a "one day enlargement for the response to

the MCG Health, Inc. brief until June 1, 2011."[1] (Doc. no. 78.) The Court granted this motion on or around noon the following day, and stated Plaintiff would have until 5 p.m., on June 1, 2011, to submit his reply brief. In its Order, the Court expressly stated, **"Plaintiff is hereby advised that no further extensions will be granted and no late filings will be accepted."** (Doc. no. 80.)

Plaintiff filed his reply brief at 6:09 p.m., on June 1, 2011. (Doc. no. 81.) In said brief, Plaintiff provided no explanation as to why he directly disregarded the Court's previous Order and failed to otherwise explain his late filing. (Id.) Accordingly, on June 2, 2011, the Court ordered Plaintiff's untimely reply brief stricken from the record based upon Plaintiff's blatant violation of an Order of the Court and his failure to abide by the Local Rules.

### B. Reconsideration

On June 16, 2011, Plaintiff filed a motion for reconsideration of the Court's June 1, 2011 Order. (Doc. no. 83.) In his motion, Plaintiff states he mistakenly represented that his reply brief was late and unnecessarily requested an

---

[1] In his motion for reconsideration, Plaintiff appears to imply that the Court mistakenly "lumped" together the deadlines for both reply briefs. (See Doc. no. 83, Ex. 1 ("The Court's Order granting an enlargement, but shortening the deadline to 5:00 PM lumped both replies to the MCG/GHSU and MCGHI briefs by not differentiating.").) To the contrary, Plaintiff, not the Court, did this when he filed a motion for extension of time as to both reply briefs. Plaintiff clearly stated in his motion: "Plaintiff seek [sic] one day enlargement for the response to the MCG Health Inc. brief until June 1, 2011. Plaintiff overlooked the receipt of the response [sic] MCG/GSHU or the Board and is several days late under a ten-day rule. Plaintiff also seeks until June 1, 2011, for this response." (Doc. no. 78.)

2

extension of time to file his reply brief when he still had time remaining under the Federal and Local Rules. Plaintiff contends that, based upon a correct calculation of calendar days, Plaintiff's reply to MCGHI's response was not due until June 2, 2011.

The Court appreciates that Plaintiff may have miscalculated the number of days he had to file a reply brief, and the Court acknowledges that it may have imprudently relied upon Plaintiff's representations. Nevertheless, Plaintiff ignores the fact that he failed to abide by the Local Rules, which provide that "[a] party intending to file a reply brief **shall immediately so notify the Clerk** . . . ." L.R. S.D. Ga. 7.6. Even accepting everything in his motion as true, Plaintiff still failed to promptly notify the Clerk of his intent to file a reply brief; no such expression of intent arose until almost two weeks after MCGHI's response was filed, when Plaintiff sought the extension of time.

More importantly, Plaintiff, by filing his reply brief at 6:09 p.m., on June 1, 2011, failed to abide by a direct order of this Court. In an attempt to address this point and alleviate the Court's concern, Plaintiff's counsel states, via affidavit, "When I am trying to meet a deadline, on the day of the deadline I try not to look at my incoming e-mails. . . . I did not review my incoming e-mail the afternoon of June 1 . . . . I did not start reviewing incoming e-mails until 10:30 a.m. June 2, 2011." (Doc. no. 83, Ex. 2.) Thus, just before midnight on May 31,

3

2011, Plaintiff's counsel filed a motion requesting an extension to file his reply brief on June 1, 2011, yet, after the motion was filed, he made no effort the following day to see to what extent, if any, his motion was granted.[2] This failure to diligently investigate the status of what was misrepresented as a "last-minute" motion is not the Court's burden to bear.[3] To the extent Plaintiff and his counsel wish to accomplish tasks at the last minute, they must accept the risks that inevitably accompany such conduct.

In addition to this reasoning, the Court finds the Eleventh Circuit opinion of Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010), instructive here. In Coventry, the plaintiff filed a motion to amend when it could have amended as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A). Id. at 869. The court held the plaintiff, by filing the motion, "invited the District Court to review its proposed amendments" and could not then "complain that the District Court accepted this invitation." Id. Similarly, here, Plaintiff invited the Court to establish a new deadline for its reply brief, and Plaintiff cannot later choose to ignore the deadline provided.

Finally, the Court notes the request for extension at issue is the sixth such request in this case, and that all previous

---

[2] Plaintiff's counsel apparently did not even check the docket when he filed his reply brief and instead waited until the following day to inquire as to what Orders had been filed in the case.

[3] Typically, the Court may not expect a party to check on the status of a motion several times throughout a single day; however, the Court does expect that a party requesting an extension at the last minute will at least check to determine whether that extension has been granted before filing the document at issue.

4

requests have been granted. As demonstrated, Plaintiff has consistently proven unable to meet the initial deadlines set forth by this Court. With past incidents, the Court has remained flexible. In the instant case, however, the Court will not allow Plaintiff to file a brief in direct conflict with this Court's prior Order. The district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases,'" <u>Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009), and thus it has the discretion to establish reasonable deadlines for the filing of reply briefs. Plaintiff failed to meet such a deadline, and his reply brief should remain stricken from the record.

### CONCLUSION

Based upon the foregoing, Plaintiff's motion for reconsideration (doc. no. 83) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of September, 2011.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA